Good morning, your honors. May I please the court? I'm Karin Stepanyan and I represent the appellant. This appeal is about one straightforward question. Does Rule 68, the federal rule that shifts costs after rejected settlement offer, also include attorney's fees allowed under the Dana Act? The district court below answered that question with a no and awarded the appellee over $340,000 attorney's fees, including post-offer fees, even though my clients had made an offer almost two times the amount the plaintiff, the appellee ultimately recovered. So that result misconstrues two key legal points. The first one is it goes against California law that treats attorney's fees authorized by statute as costs. The second, it undermines Rule 68 purpose, which is to encourage the litigants to settle their cases instead of dragging them out. Now, Rule 68 itself does not define term costs. However, the United States Supreme Court has spoken on the issue. In the case Mark v. Chesney, and it takes and it applies a very literal approach, even though one could go the other way and you see the dissents, it looks at the statute and does it define fees as costs? Not does it award fees, but does it define as costs, right? And many statutes happen to have that kind of language, so bingo. Here, the Bain Act or the State Act does not in itself award fees, but doesn't define it as costs. You have to then rely on CCP section 1033.5, right? That's correct, Your Honor. And that, and then the question is, is that, and that's, to me, that's a number of the problem. Does that 1033.5 constitute the kind of statute that defines fees as costs? Because it's a general statute and there's a good argument, it's really a procedural question because it talks about how fees and costs are supposed to be treated under 1032. It's not really substantive, at least that's the argument, and so it does seem to hinge on 1033.5. If it weren't for 1033.5, you wouldn't even have an argument, correct? Under merit. Perhaps, yes. So to answer your question, Your Honor, the Supreme Court, the United States Supreme Court in Mark, didn't ask only to look at the substantive statute. It asked to look at the substantive statute and, or, I'm sorry, or other authority. And it did not ask to look at the statute that create right to attorneys' fees. It asked to look generally whether the fee is properly awardable in a given action. And since the district court was handling the case based on the state law, the state law applies when it comes to attorney's fees. And when we interpret the state law pertaining to attorney's fees, we want to give the full meaning to the statutes that relate to the same general subject, attorney's fees. So we have to look beyond the language of the Bain Act itself, which is silent about what attorney's fees are. That silence does not... Did you argue, did you make the Section 1033.5 argument before the district court? It was not explicitly made in the district court, Your Honor. It was generally argued that post-law for attorney's fees, after Rule 68, were cost... So have you waived that argument? Well, the district court, in its reasoning, relied on Mark v. Chesney and its rule saying when the substantive statute defines attorney's costs, then they're subject to Rule 68. And because the Bain Act did not define attorney's fees as costs, the district court held that we're not subject to Rule 68. So we are on appeal now taking it further and analyzing the district court's ruling and bringing in the Code of Civil Procedure, Section 1033.5 argument. So the district court order has a footnote that says defendants do not dispute that the Bain Act allows plaintiff to recover reasonable attorney's fees and do not argue that the court should decline to award fees in this matter. That's what the district court says. Well, the appellants below, they did not generally contest that the attorney's fees were allowed under the Bain Act statute. But the contention was below that the attorney's fees post-Rule 68 offer was cut out by the rejection. So when we interpret the statutory law and case law in California that involve attorney's fees, we see that the appellate state courts treat attorney's fees under the Bain Act or any statute that authorizes those fees as costs. But we're in federal court, so shouldn't federal civil procedural rules apply? Separate from attorney's fees, wouldn't they apply to expert and why wouldn't that apply to the fees as well as other costs? It does apply to the fees, but there is no federal rules that provide the definition for the attorney's fees under the provided, authorized by the statute. So that is why we have to look at the state law to see what that silence, the statute that did not say what attorney's fees are, what did that silence, what does that silence mean? And looking at the broader California statutory scheme, we see that attorney's fees are being treated as costs. And to finish my point earlier, for purposes of state equivalent of Rule 68, Code of Civil Procedure, Section 998, when an offer is made and rejected, the appellate courts treat attorney's fees as... What about the cases? Don't they just look at the substantive law and see how the substantive law treats the attorney's fees? But that's exactly the language in the MARIC, which is the governing law here, where the Supreme Court said, look at the substantive statute or other authority and see if the fees, if the costs are properly awardable in a given action. So we have to look at the Code of Civil Procedure to see what the... Right, and in MARIC they looked at the attorney's fees statute for Section 1983 cases, and because that says fees are part of cost, it was answered. They didn't look to anything else, right? They just looked at the substantive statute. That's correct, because they didn't have to. It was within the statute. So now there are statutes, we know there are cases dealing with statutes that separate attorney's fees from costs. And the definition of the specific language in those statutes would be attorney's fees, the prevailing plaintiff would be entitled to attorney's fees and costs. So the cases that dealt with those kind of statutes denied, they held that attorney's fees are not subject to Rule 68. Here the Bain Act is silent. We cannot interpret, we should not interpret that silence as expressed... Well, the Bain Act does not define fees as part of costs, right? Correct. That's why it seems to me you need to then resort to 1033.5 to bridge that gap, and that's the question. When it defines costs under state law and includes attorney's fees awardable under a statute, does that also carry over into the definition of costs under Rule 68? And I'm not so sure about that. Well, we have to apply the California law on attorney's fees to determine what attorney's fees under the Bain Act are. We can't just rely on the gap in the statutory language. And when we look at California law dealing with attorney's fees, we see that there are three main classifications of attorney's fees when authorized by statute. It could be attorney's fees awarded as damages, attorney's fees awarded as sanctions, and to compensate the prevailing side. Here the Bain Act, Bain Act Subdivision E expressly states that, I'm sorry, Subdivision I states that in addition to damages, the district court may award attorney's fees. So clearly attorney's fees are not damages. Attorney's fees are not sanctions. There's no sanctionable conduct and the Bain Act does not talk about it. So that leaves us in the third category which treats attorney's fees as a measure of compensation to the prevailing side. And we do have this Code of Civil Procedure 1033.12 that codifies that. You want to save time for rebuttal? Yes, Your Honor, five minutes. Okay, you've got five minutes now. Okay, and just a brief, very brief point on the treble damages denial by the district court. Wouldn't you want to use that, talk about that on rebuttal? Yes. Okay, so you have five minutes for rebuttal. Good morning, Your Honor. May I bring my laptop as my notes and so forth up here at the podium? You can, unless, does anybody have an objection? No. Okay. Good morning again. May it please the Court. Christian Contreras on behalf of the Pele, Mr. Smith. This case is about harmonizing Rule 68 with also the plain meaning of the Bain Act. The Bain Act here, although it doesn't specifically define cost, we could see from the different types of damages within the Bain Act, such as a penalty, treble damages, and attorney's fees, that the statute was intended to also give additional remedies to individuals who had their rights violated. And so when you look at the Bain Act and when you harmonize it. What do you think the other authority in Merrick is referring to other than the substantive statute? The other authority in Merrick, just based upon reading Merrick, right, is looking at the substance of the underlying law to guide the court to determine if the legislature, if the legislature itself wanted to include cost as attorney's fees. We see that in 1988 because it's expressly stated. Is that different from the state substantive law or the substantive law? The other authority? Yeah. It says substantive law and other authority and I wasn't sure whether your other authority is referring back to the substantive statute. It's unclear, Your Honor, from Merrick what Merrick actually intended with or other authority. I believe it's more of substantive law because if you look at the procedure, the procedure is already there with Rule 68 in terms of what would apply. And so the court, what Merrick said is the court should be guided as to what the folks who intended to enact this legislation, what they wanted to be part as cost and attorney's fees. And so when we look at the Bain Act, you look at the legislature, the California legislature wanting to expand the type of damages and not include cost as part of attorney's fees. Frankly, I think it's more of a legislative omission because the Bain Act was passed in 1986, right? But when you look at Civil Code section 52.4, which is gender violence, and that could be that could be other authority, which is a gender violence. Someone who had their rights violated based upon their gender. It does state that someone who prevails under that statute can get attorney's fees and cost. Would you agree that if you filed in state court your same claim, you couldn't get attorney's fees? So I'm just a little bit worried about forum shopping. Is everyone now going to bring these claims here because we have a more favorable attorney's fees interpretation than state court where those two state civil procedure codes would apply? Well that creates sort of a weird and maybe we just accept that. But help me think through that. That the exact same case is going to have fees in federal court, not in state court. And how is that not going to make the federal district courts the place to go for Bain Act claims? Well the analysis would start with what's in the 998. Because the 998 is the equivalent to the Rule 68 here. And so when you look at the 998, of course you have to analyze whether it includes attorney's fees or not. And so if this case... You're saying 1032 and 1033.5 wouldn't apply to a Bain Act claim in state court? Is that what your 998 argument is? 1033.5 is a procedural mechanism. And we know that based upon what the court in Hassan said and citing Satini in the Supreme Court case in California. So you're saying that state civil procedural law would not apply to a state court Bain Act case? Why is that? Well it would apply. It's because it's a procedure. It's always a procedure and it's how it's defined. But in terms of whether... I think the court's issue is whether there's forum shopping or whether it would look more different result under 998 than under Rule 68. I think the analysis starts with 998. Because 1033.5 is just after it's a procedural mechanism. So if you look at 998, then you have to figure out, okay, well if a 998 is issued and we prevail but we get less than what is in the 998, could we get attorney's fees under the Bain Act? I think that's the question. What's the answer? I'm not sure. I don't have section 998 in front of me right now. But does it say anything about attorney's fees as constituting costs? I imagine if it did, it would be in front of us. Right. 998, that's... It's just a separate procedural mechanism. It's the equivalent of Rule 68. It's similar but in state court the plaintiff could do it as well. Okay. But I think it's all based upon how the 998 or the Rule 68 is phrased in terms of whether it includes attorney's fees or not. But I think... The Bain Act itself allows for attorney's fees. Right. The Bain Act. And then you also have to take a look at Civil Code section 52. Because Civil Code section 52 is also the damages section which talks about if you prevail under the Bain Act and also unrun all of these other civil rights statutes, what can you get? And when you look at subsection A, it says that in addition to all of these other damages that you could get, you get attorney's fees. Which means that the drafters of the Bain Act intended for costs to be separate from attorney's fees. They just didn't put it in there. I think it was just that session. They didn't feel like putting it in there because when you look to the gender violence section, which was enacted in 2001, just 0.2 sections lower, they talk about attorney's fees and costs. And so that allows this court, I think respectfully, to take a look at the substantive statute and the other authority, which is under this whole 42... 42.1 to 52 point section under the personal rights Civil Code section. I would suggest that we could take a look at that, those sections, to figure out what other authority should this court be guided to determine if the substantive law, the law that actually matters, whether it intended to separate costs from attorney's fees. Because we know from 1988, the legislature clearly wanted costs to be together with the attorney's fees. And in fact, when you look at all of these other cases that have been cited in the briefs, including, I know the case the case from Idaho, the early case rather, and also the... Can I say, so I'm just, you're saying 998 with Trump, 1032, which is entitled prevailing party in any action or proceeding. Defines complaint, defines defendant, defines plaintiff, defines prevailing party. And then 1033.5, items allowable as costs under section 1032. And it goes to the following items are allowable as costs under section 32. And it has attorney's fees when authorized by contract, statute, or law. So it just seems odd that that would be trumped by a rule 68. Well, 1032 and 1033.5, and even section 1717, which talks about attorney's fees and contract, those are more procedural statutes to figure out what could be recovered, under what circumstances, and who's a prevailing party. How do you define the difference between a procedural and a substantive statute? I mean, literally, it makes fees recoverable under a statute like the Bain Act part of costs, for at least for purposes of 1032 and 1033.5. So you're saying, well, you kind of can ignore 1033.5 because it's procedural and not substantive. But how do you distinguish? I mean, everything's sort of procedural in some ways. Well, because the Bain Act is a substantive statute, which allows for a cause of action. Whereas 1033.5 talks about what happens if someone is a prevailing party. It doesn't create any new rights. It doesn't create, it just tells you how you implement it. Well, it doesn't create any new rights, and it doesn't allow for the enforcement of any rights. The Bain Act is an enforcement of violation of rights. And so it's more substantive because it talks about which rights and what happens, or how to prevail, rather. Whereas, 1033.5 is just a procedure if you prevail. And so when you look at... You know what? That, I think, could be problematic. Because if we're going to say it's more substantive than procedural, then I think it would apply in your case in federal court. Well, the only reason why... But you prevail, I think, is by saying, nope, this is just we apply federal procedural law, not state procedural law. And these are procedural statutes, 1032 and 1033.5. Right, I agree. Because... But if we're gonna start saying, no, no, no, these are not procedural statutes, these are really substantive, then I think you lose in federal court. Well, I think the reason why we're even making the distinction between procedural and substantive is because Merrick says that we look at the substantive law or other authority. And so when you look at the substantive law in Merrick, they looked at 1988, and there it was clear that attorney's fees were part of cost. But when you look at the Bain Act, you have to take a look at the statute to figure out, okay, you get attorney's fees, but there's no mention of cost. But there is mention of all of these other damages that you get, which to me suggests that the framers and the folks who passed the Bain Act wanted to separate cost from attorney's fees. Well, so the Bain Act is substantive because it creates a right, a right to attorney's fees you otherwise wouldn't have. Whereas 1032, 1033.5, I thought your argument is that's procedural because it just talks about how you then collect or enforce it. It doesn't create a new right, it just calls it something different. Right. And if that's the case, I mean, if you look at Rule 68 and the Merrick wording, it says, awardable under the relevant substantive statute or other authority. Substantive could modify both the words statute and other authority. Because otherwise, why would you even have the word substantive? The court must have meant something. It certainly couldn't mean substantive statute or other procedural non-substantive authority. That would be inconsistent, it seems to me. So isn't your argument that it should be, whatever that other authority is, and the Supreme Court doesn't explain, it's got to be substantive. And your argument is 1033.5 is not substantive, it's procedural. It's how do you deal, when you collect it, and how do you shift it, that sort of stuff. Because it deals with all sorts of things. That is my argument. And if this court were to look at other authorities, I would point the court to Civil Code Section 52.4, 52.45, even Civil Code Section 48.7, all part of those personal rights under the Civil Code, which are substantive, which those statutes actually do expressly state that attorney's fees are separate from cost. And so if the attorney's fees are separate from cost, then Rule 68 wouldn't apply to the attorney fee award here in this case. Do you want to say something about treble damages? Yes. Well, the court, district court, refused to award treble damages. You said it was a question of fact for the jury, and you didn't request a jury instruction. Right, that's true. It's a... Is it a question of fact for the jury, or can the court award it? I believe the statute's unclear. And I've searched, and I personally didn't find, any other authority to determine who makes that determination. Because when you look at the statute, it says a jury or court. The court didn't make a determination, didn't render a verdict, but the case was before the court. And I think that the court was authorized, despite it being before a jury, to make a post verdict finding of treble damages. Unfortunately, there's just no case law on this issue. But just looking at the remedial aspect of the Bain Act, and the purpose of the Bain Act, I do believe that it should be applicable by a judge post verdict when there is a favorable plaintiff's verdict. Would that raise Seventh Amendment problems? No. I don't believe... Because there has to be a factual basis for the treble damages. I mean... Well, when you look at the statute of the Bain Act, there's also penalties that are given. Penalties and all of the injunctive relief, if possible. And so the Bain Act is just so comprehensive and designed to be a remedial statute that I believe... The statute says plaintiff is allowed to recover actual damages in any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage. So since you had a jury here, how could a court decide it? Well, the determination could be made... Here it's discretionary, but still, it seems like by the statute, if you went with the jury trial, you'd need to have the jury make that decision. Well, I think it says or. I know it says or without a jury, which could mean a bench trial. But just given what the statute says, just its plain meaning, we do think that a judge has discretion post verdict to make that determination. There's no California cases at all on this. Question? I didn't see any, Your Honor. And perhaps my colleague, my friend here could shed some light on that, but I didn't see any. But for all of those reasons, Your Honor, I ask that this court affirm the district court's order. Thank you very much. All right. Thank you very much, counsel. Mr. Sipayan? To address one of the points of my friend here, that the legislature omitted, just omitted the definition of attorney's fees in the Bain Act. The Bain Act was enacted in 1987. By that time, Code of Civil Procedure Section 1032 and 1033.5 were already in existence. They were enacted in 1986. So legislature presumably was well aware of those statutes that define attorney's fees authorized by statute being as costs. So that, again, omission in the Bain Act should not be construed as to mean that attorney's fees cannot be cost per se. Are there any statutes after 1033.5 was enacted in 1986 that draw distinction that talks about fees and costs? There might be, Your Honor, but even if there are statutes like that, that draw distinction attorney's fees and costs, again, if we look down Code of Civil Procedure 1033.5, it states that Subdivision C5A states that when the statute refers to attorney's fees and costs, Bain attorney's fees are costs. So we can see clearly there's a difference in terms of statutory scheme work in California and federal law that says when the statute separately defines attorney's fees and costs, the attorney's fees are treated separately and not subject to Rule 68's cost-shifting provision. Do you know if, just the forum shopping question, what's your answer? And it could be that that's fine to have that inconsistency, but would they be precluded under 1033.5 and 1032 in state court, but not here? Yes, they would be precluded. Because section 998 awards the prevailing party its costs. Then the courts look at the section 1033.5, 1032, 1033.5, and then they get to the definition of attorney's fees authorized by statute. This is even when the substantive statute was here, the Bain Act, expressly provides for an award of attorney's fees? Correct, correct. So Civil Code of Civil Procedure 1033.5 meant specifically those statutes that authorize attorney's fees. And those would be subject to cost-shifting provision of the analog of Rule 68, 998 in a state court. We don't want plaintiff, we don't want defendants to stop making offers. Is there any difference in wording and the key wording between 998 and Rule 68? Does 998 refer to fees at all? It just only talks about costs? I think it talks about the cost. I'm not sure about the exact language, but it does refer to costs. And then when it comes to costs, all the attorney's fees would fall into that category. And expert fees, if authorized by court, also would fall into that category. So we see the pattern of the items that are being defined as costs for purposes of 998 statute. So the purpose of Rule 68 is to encourage settlements. If we allow plaintiffs to forum shop and bring their Bain Act claims in federal courts, no Bain Act will be filed in state courts because they know that if they file it in a federal court, they will be able to recover their attorney's fees even despite the despite the Rule 68 settlement offers. Defendants will not make offers. So the purpose of... Well, but fees can be reduced as they were here. I think any judge would look at and say, hey, you didn't even do better. You could have done better by taking this offer, not using Rule 68, but just using Hensley and all the other fee cases. You could say, well, I'm gonna chop this down by 90% or whatever, you know, or I'm just not gonna award fees because it didn't produce any results. So I wouldn't be so sure if I were a plaintiff, you're gonna run into friendly territory. Yeah, but the reduction of attorney's fees does not necessarily mean that they would be cut off after Rule 68. And it will be depending on the case. So we want to set a clear precedent for all the cases that attorney's fees, these in California statutes, that defines them as cost when they're brought in the district courts, federal courts, they're subject to Rule 68. And very briefly, I have 20 seconds on the treble damages. We don't need to look for any case law. We'll look at the statute's language itself. It says, as Judge Gore pointed out, the jury or the court sitting without jury. There could be a very little doubt that if the jury didn't decide it, it's unplaintive, it's an oblique, and the court cannot have a say after the defendant is gone from the case. And this case was in federal court because there was a, I'm sorry, this case was in federal court because there was a claim under Section 1983, isn't that correct? I'm sorry, Your Honor, I didn't hear you. This case was in federal court, not state court, because there was a claim under Section 1983. Correct, which that we didn't prevail on. To sum it up, Your Honor, very briefly, the district court's decision below should be reversed so we have a clear precedent on what the attorney's fees authorized by California statutes are, would be a guidance to the subsequent cases, and we'll ask the court to affirm the district court's denial of treble damages. All right, thank you very much, counsel. That was an excellent argument by both attorneys, so thank you. Justin Smith v. City of Luverne will be submitted, and this session of the court is adjourned for today. All rise.
judges: WARDLAW, KOH, Chen